IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANET ARLENE GOSS

      Plaintiff,

v.                                                                                                  Civil Case No.: 2:15–CV–55
                                                                                                             (BAILEY)

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

## **REPORT AND RECOMMENDATION**

For the reasons that follow, I recommend that [ECF No. 11] the Commissioner's Motion for Summary Judgement be **DENIED**, and the [ECF No. 9] Plaintiff's Motion for Summary Judgement be **GRANTED IN PART** and this matter be **REMANDED** to the Commissioner for further action in accordance with this Recommendation.

## I. INTRODUCTION

On July 21, 2015, the Plaintiff, Janet Arlene Goss ("Ms. Goss" or "Plaintiff"), filed this action for judicial review of an adverse decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claims for disability insurance benefits ("DIB") and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. ECF No. 1. The Commissioner filed her Answer on September 23, 2015. ECF No. 6. The Plaintiff then filed her Motion for Summary Judgment on October 20, 2015. ECF No. 9. The Commissioner filed her Motion for Summary Judgment on November 16, 2015.

ECF No. 11. Plaintiff filed a Response on November 23, 2015. ECF No. 13.

## II. PROCEDURAL HISTORY

Plaintiff applied for SSI alleging a disability beginning on November 15, 2004. R. 7. Plaintiff's claims were initially denied on October 16, 2012, and upon reconsideration on October 29, 2012. *Id.* On November 14, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ hearing was held on March 14, 2014, before ALJ Jacqueline Haber Lamkay. *Id.* At the hearing, Plaintiff was represented by Ambria Adkins. R. 24. Plaintiff testified during the hearing, as did a Vocational Expert ("VE"). *Id.* On April 11, 2014, the ALJ found that Ms. Goss was not disabled under section 1614(a)(3)(A) of the Social Security Act. R. 17. Plaintiff appealed this decision to the Appeals Council, which denied her request for review sometime thereafter. R. 1–3. Plaintiff timely filed this action.

## III. ALJ FINDINGS

The ALJ found that Ms. Goss has not engaged in substantial gainful activity ("SGA") since November 15, 2004, the alleged onset date. R. 9. The ALJ also found that Ms. Goss had "the following severe impairments: chronic obstructive pulmonary disease (COPD); asthma; degenerative joint disease, disc disease of the lumbosacral spine; fibromyalgia; and hypertension." *Id.*

The ALJ then determined that Ms. Goss did not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 11. Specifically, with regard to this step–step three–the entirety of what the ALJ wrote is quoted below:

At step three, the undersigned finds the above combination of impairments

to be "severe" since they have resulted in significant limitations on the claimant's ability to perform basic work activities. However, as will be more fully explained below, the record does not establish that the claimant is subject to an impairment or combination of impairments, which meets or equals the requirements of any section of the Listings in Appendix 1, Subpart P, Regulations No. 4.

*Id.*

Considering Plaintiff's residual functional capacity ("RFC"), the ALJ found that Ms. Goss could perform light work, except she "can occasionally climb ladders, ropes or scaffolds, ramps or stairs; can occasionally[] balance, stoop, crouch, kneel or crawl; must avoid concentrated exposure to extreme cold, extreme heat, wetness or humidity, vibration, irritants such as fumes, odors, dust and gases, poorly ventilated areas, and hazards such as dangerous moving machinery and unprotected heights."

In explaining her reasoning, the ALJ found Ms. Goss "not fully credible"; gave the consultative psychological evaluator's opinion "no great weight"; gave the state agency medical consultants at the initial level and reconsideration level "no great weight." R. 12–13. The ALJ then summarized the "medical evidence of record." R. 13–15.

The ALJ found that Ms. Goss was unable to perform any past relevant work, but she was able to communicate in English. R. 15. The ALJ also found that, considering Ms. Goss's background and RFC, "there are jobs that exist in significant numbers in the national economy that [she] can perform." *Id.* The ALJ then concluded that Ms. Goss has not been under a disability, as defined in the Social Security Act, from November 15, 2004, through the date of her decision. R. 16.

## IV. CONTENTIONS OF THE PARTIES

In her Motion for Summary Judgment, Plaintiff makes two arguments that allege the

ALJ's decision is fatally flawed. *See* ECF No. 10 at 4. Specifically, Plaintiff first argues that the ALJ's step three analysis is incomplete and, therefore, not supported by substantial evidence. Second, Plaintiff contends that the ALJ failed to apply SSR 12-2p in evaluating her fibromyalgia. *Id.* The Commissioner's argument is simply that substantial evidence supports the ALJ's finding that Ms. Goss was not disabled under the Social Security Act. ECF No. 12 at 5.

## V. THE STANDARDS

A. <u>Summary Judgment</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

B. <u>Judicial Review</u>

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less

4

than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664–65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3).

C. Claimant's Credibility

"Because he had the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citing *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976)). "We will reverse an ALJ's credibility determination only if the Claimant can show it was 'patently wrong.'" *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)).

An ALJ must consider all of the evidence in the record when making a credibility determination. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to an ALJ's discretion, such determinations shall not be sustained if based on improper criteria. *Breeden v. Weinberger,*

5

493 F.2d 1002, 1010 (4th Cir. 1974) ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained."). Moreover, SSR 96-7P states,

> [t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

1996 WL 374186 at *4.

D. <u>Fibromyalgia and SSR 12-2p</u>

> Fibromyalgia is a rheumatic disease with similar symptoms, including "significant pain and fatigue," tenderness, stiffness of joints, and disturbed sleep. Doctors diagnose fibromyalgia based on tenderness of at least eleven of eighteen standard trigger points on the body. "People with rheumatoid arthritis and other autoimmune diseases, such as lupus, are particularly likely to develop fibromyalgia." Fibromyalgia "can interfere with a person's ability to carry on daily activities. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not."

*Stup v. UNUM Life Ins. Co. of Am.*, 390 F.3d 301, 303 (4th Cir. 2004) (internal citations omitted).

"The Social Security Administration describes fibromyalgia as a 'complex medical

condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months.'" *Clatterbuck v. Comm'r of Soc. Sec.*, No. 5:14CV43, 2015 WL 106175, at *12 (N.D. W. Va. Jan. 7, 2015) (quoting SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012). When determining whether an individual has FM as a medically determinable impairment, an ALJ "cannot rely on the physician's diagnoses alone." *Id.*

An ALJ "will find that a person has an MDI of FM if the physician diagnosed FM and provides the evidence we describe in section II. A. or section II. B., and the physician's diagnosis is not inconsistent with the other evidence in the person's case record." SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).

## VI. ANALYSIS

The ALJ's step three analysis is inadequate. In *Cook v. Heckler*, the Fourth Circuit rejected an ALJ's decision where it failed "to explain the reasons for the determination that Cook's arthritis did not meet or equal a listed impairment." 783 F.2d 1168, 1173 (4th Cir. 1986). The Court continued, "[the ALJ] also failed to compare Cook's symptoms to the requirements of any of the four listed impairments, except in a very summary way." *Id.*

Courts in this District have routinely held that an "ALJ must identify the relevant listings and then compare each of the listed criteria to the evidence of the claimant's symptoms at step three of the sequential evaluation. This Court has further held that an ALJ's finding will not be upheld if the ALJ simply restates verbatim the language of the relevant listings." *Hardman v. Comm'r of Soc. Sec.*, Civ. Action No.: 5:14CV132, 2015 WL 1221357 (N.D. W. Va. Mar. 17, 2015) (internal citations and quotations omitted). Here, the

7

ALJ did not even do that much. The entirety of the ALJ's step three discussion was as follows:

> At step three, the undersigned finds the above combination of impairments to be "severe" since they have resulted in significant limitations on the claimant's ability to perform basic work activities. However, as will be more fully explained below, the record does not establish that the claimant is subject to an impairment or combination of impairments, which meets or equals the requirements of any section of the Listings in Appendix 1, Subpart P, Regulations No. 4.

R. 11.

Plaintiff cites *Fraley v. Astrue*, where this Court previously noted that an "ALJ is required to give more than a mere conclusory analysis of the plaintiff's impairments pursuant to the regulatory listings." Civil Action No. 5:07CV141, 2009 WL 577261, at *25 (N.D. W. Va. Mar. 5, 2009) (citing *Warner v. Barnhart*, Civil Action No. 1:04–CV–8, p 7–9, 11 (Final Order of J. Stamp, filed March 29, 2005)). Plaintiff also noted another similar decision from this District in *Bentley v. Comm'r of Soc. Sec.*, where the Court found the ALJ had provided "no explanation that the Court can rely on that indicates why Plaintiff does not meet Listing 1.02A." Civil Action No. 1:13CV163, 2014 WL 906587, at *24 (N.D. W. Va. March 7, 2014). In sum, this Court, and others throughout the District, have routinely held that an ALJ must provide a sufficient explanation at step three, or substantial evidence will not be found to support the ALJ's decision.

Recently the Fourth Circuit has reinforced this District's approach. In *Fox v. Colvin*, the Court held that an ALJ's decision "failed to provide sufficient reasoning to allow for meaningful judicial review" when "the ALJ did not apply findings to the disability listing.

No. 14–2237, 2015 WL 9204287, at *1.[1] The Court explained that "the ALJ engaged in the same conclusory analysis that we found to be unacceptable in *Radford*." *Id.* at 4. In *Fox*, the Court found that the ALJ's analysis was "perfunctory and offered nothing to reveal <u>why</u> he was making his decision." *Id.* The same is true here; the ALJ's decision at step three offers absolutely no explanation for her findings and does not apply findings to the listings. This Court takes heed the Fourth Circuit's warning in *Fox*:

> The magistrate judge recognized the ALJ's failure to provide sufficient reasoning, yet he still engaged in a fact-finding expedition. . . . In turn, the district court concurred because the magistrate judge "was able to engage in a substantive, meaningful review of the final decision of the Commission despite the ALJ's error." Despite both courts' recognition of the ALJ's error, they engaged in an analysis that the ALJ should have done in the first instance. *To do so was in error.*

*Id.* at 4 (internal citations omitted) (emphasis added). This Court shall not attempt a fact-finding expedition to discern whether the ALJ's ultimate conclusion can be supported by the record–that must be done by the ALJ. Therefore, the ALJ's decision is not supported by substantial evidence, and her step three analysis is impermissibly inadequate.

Regarding Plaintiff's second argument, that the ALJ failed to apply SSR 12-2p in evaluating her fibromyalgia, this Court agrees. This Court found no discussion of SSR 12-2p in the ALJ's decision. The ALJ's step three analysis says nothing about Plaintiff's fibromyalgia. Plaintiff argues that when "fibromyalgia is determined to be a severe impairment at step two, as it was in this case, then at step three, 'we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other

---

[1] This Court is aware of the Fourth Circuit admonishment that it disfavors citation to unpublished decisions; however, this Court believes it can find no better authority than an applicable unpublished decision.

9

medically determinable impairment.'" ECF No. 10 at 10 (quoting SSR 12-2p). The ALJ did not properly determine anything at step three, so this Court agrees with Plaintiff.

## VI. RECOMMENDATION

After reviewing the record, the pleadings, relevant case law, rules, and regulations, this Court concludes that the ALJ's decision failed to provide sufficient reasoning to allow for meaningful judicial review. Specifically, the ALJ's explanation at step three is inadequate, and the ALJ, after finding fibromyalgia as a severe impairment, failed to apply SSR 12-2p in her evaluation of Ms. Goss's claim.

Therefore, the Court **RECOMMENDS THAT**:

1. Commissioner's [ECF No. 11] Motion for Summary Judgment be **DENIED**;

2. Plaintiff's [ECF No. 9] Motion for Summary Judgment be **GRANTED IN PART**; and

3. This matter be **REMANDED** to the Commissioner for further action in accordance with this Recommendation.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to District Court Judge John P. Bailey. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir.

1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.


DATED: April 19, 2016                                     /s/ *James E. Seibert*
                                                          JAMES E. SEIBERT
                                                          U.S. MAGISTRATE JUDGE